*229
 
 OVERTON, J.
 

 Plaintiff married defendant on May 31, 1893. On January 10, 1902, during the existence of the community of acquets and gains that existed between him and his wife, plaintiff acquired from Gustave I-Cohn, with community funds, a piece of real property, located in this city, and later, during the existence of said community, erected a dwelling house on the property purchased. On September 22, 1915, plaintiff, by notarial act, passed before Robert Legier, notary public, donated said lot of ground, .with the improvements thereon, to his wife, the defendant herein. On December 13, 1916, plaintiff was granted a judgment of separation from bed and board from defendant, and on February 13, 1918, he was granted an absolute divorce from her. Several years after the judgments for separation from bed and board and for divorce were rendered, to wit, on July 10, 1922, plaintiff appeared before a notary public, and, by notarial act, formally revoked the' donation made by him to his wife. Having made the foregoing revocation, plaintiff treated it as bringing back to the community of acquets and gains, which had existed between him and his wife, the property donated to her, and brought the present suit to effect a partition of that property between him and her. Defendant filed an answer to the suit; and, in her answer, and under an exception of no cause of action,filed by her, takes the position that plaintiff had no right to revoke the donation, and hence, as he has no in/ terest in the property, he is without right to sue for a partition thereof.
 

 Defendant has filed no brief. Howeyer, from the foregoing statement of the case, it appears that the questions to be decided are: Has the husband the right to revoke a donation made by him to his wife, and, if so, may he do so after the marriage has been dissolved by divorce? Questions quite similar to the present were considered by this court in the Succession of Waldo, 156 La. 684, 101 So. 21. In that case it appears that the husband, during the existence of the community, purchasecf certain real property and donated it during the marriage to his wife, and after her death revoked the donation. The question thqre was, as it is here, whether the husband could revoke the donation; the only difference between that case and the present one being that in the former the donation was revoked after the marriage had been dissolved by the death of the donee, whereas in the latter, that is, in the present case, the revocation was made after the dissolution of the marriage by divorce. In the former case, that is, in the Succession of Waldo, in passing on the question there presented, it was said:
 

 “Article 1749 of the Revised Oivil- Code of 1870 reads as follows:
 

 “Article 1749. ‘All donations made between married persons during marriage, though termed inter vivos, shall always be revocable. * * * ’
 

 “This is a literal translation of article 1098 of the Code Napoleon (now French Civil Code), and all the French commentators agree that there is no difficulty whatever in'determining that this right to revoke a donation made during marriage (though personal to the donor) exists as well after the dissolution of the marriage as during the continuance thereof, and however the marriage may have been dissolved (whether by death or by divorce). See Laurent, vol. 15, p. 65, No. 330; Boudry-Lecantinerie, vol. 2, Nos. 4017, 4018; Fuzier-Herman, Art. C. N. 1096, Nos. 29, 57; Dalloz, Art. C. N. 1096, Nos. —.”
 

 In the case cited, the right of the husband to revoke the donation after the dissolution of the marriage by the death of his wife, the donee, was recognized. The same ruling, in reason and under the authorities cited supra, should be made where the donation is revoked by the donor after the marriage is dissolved by a judgment of divorce. Hence our conclusion is that the defense urged by defendant was properly held to be unsound.
 

 We find a plea of estoppel in the record, filed by defendant. As we have said, defend- • ant has filed no brief. However, we have
 
 *231
 
 examined the plea, but find it to be wholly without merit.
 

 For the reasons assigned, the judgment appealed from is affirmed; appellant to^ pay the costs.